IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE

| | | |
|---|---|---|
| JAMES ARNOTT JR. and | : | Case No. 07-25307-TPA |
| LAURIE ARNOTT, | : | |
| Debtors | : | Chapter 13 |
| | | |
| JAMES ARNOTT JR., and | : | |
| LAURIE ARNOTT, | : | |
| Movants | : | |
| | : | |
| v. | : | |
| | : | Related to Document No. 132 |
| INTERNAL REVENUE SERVICE, | : | |
| Respondent | : | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a ***Motion to Dismiss*** ("Motion"), Document No. 132, filed by the Internal Revenue Service ("IRS") in response to the ***Objection to Claim of Internal Revenue Service*** ("Objection"), Document No. 128, filed by the Debtors. For the reasons that follow the Court will deny the *Motion*.[1]

### BACKGROUND

Debtors filed their Chapter 13 bankruptcy petition on August 24, 2007. On October 2, 2007 the IRS filed Proof of Claim No. 4 in the case asserting a total claim of $276,898.10. The

---

[1] The Court's jurisdiction arises under *28 U.S.C. §§157 and 1334*. This is a core proceeding pursuant to *28 U.S.C. §§157(b)(2)(B)*. This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to *Fed.R.Bankr.P. 9014(c)*.

1

IRS Proof of Claim states the following in the space entitled "Name and address where notices should be sent":

> INTERNAL REVENUE SERVICE
> 1001 LIBERTY AVENUE
> PITTSBURGH, PA 15222-3714

The Debtors filed the *Objection* on May 20, 2008, naming the IRS as the Respondent, objecting to the IRS claim for various reasons and asking that it be dismissed. The *Objection* was accompanied by a Certificate of Service indicating that a copy of the *Objection*, along with a "Notice of Hearing with Response Deadline" had been sent by Debtors' Counsel to the IRS by First Class U.S. Mail on March 17, 2008 at the address listed on the Proof of Claim.

As indicated in the Notice of Hearing, the Court gave the IRS until June 6, 2008 to file a "response" to the *Objection* and scheduled a hearing for July 2, 2008. The IRS, through the Tax Division of the U.S. Department of Justice, filed the *Motion* on the June 6th deadline. However, rather than addressing the merits of the *Objection*, as the Court would have anticipated, the *Motion* argues that the *Objection* should be dismissed because: (1) the "proper party respondent" here is the "United States" and not the IRS; (2) the United States was not properly served with the *Objection* pursuant to *Fed.R.Bankr.P. 7004*; and, (3) the failure to properly serve the United States deprives this Court of personal jurisdiction to hear the *Objection*.

**DISCUSSION**

It is somewhat curious that the IRS would engage the time and resources of the Court to address issues that, on a practical level, do not appear to be of much consequence. It is evident

that the *Objection* has been routed to the office within the United States Department of Justice that has apparently been assigned the duty to respond to it (*i.e.*, the Trial Attorneys, Tax Division). Furthermore, this obviously occurred in time for the IRS to file a response to the *Objection* (in the form of the *Motion*) by the deadline imposed by the Court and well before the July 2, 2008 hearing date. The Court would assume that any possible constitutional due process concerns have thus been met, and that it would have been far more expeditious for the IRS to simply proceed by meeting the substance of the *Objection* rather than to raise the issues that it did in the *Motion*. Nevertheless, the IRS has filed the *Motion* and the Court will proceed to examine the issues raised therein.

*(a) The IRS, as the Party filing the Proof of Claim,
is the  proper respondent to the Objection*

The IRS first argues that the *Objection* should be dismissed because the United States, not the IRS, is the proper party to respond to the *Objection*. The Court certainly agrees with the general proposition that the IRS cannot be sued and the proper party in actions involving federal taxes is the United States. *See, e.g.*, *In re Core Group, Inc*. 350, B.R. 629, 631 (Bankr. M.D. Pa. 2006). If the Debtors were bringing an adversary action against the IRS seeking some sort of affirmative relief the Court would have little difficulty concluding that they had named the wrong party. That, however, is not what happened here. The Proof of Claim that was filed by the government in this case identified "Department of the Treasury–Internal Revenue Service" in the space designated for the name of the creditor. In other words, it was the government, not the Debtors, that chose to use the designation of the IRS rather than the United States as the claimant.

It has long been recognized that the filing of a proof of claim is tantamount to the filing of a complaint in a civil matter, with an objection thereby functioning as an answer. *See In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985); 3 *Collier on Bankruptcy* at ¶502.01 (2008). The position of the IRS is thus equivalent to the IRS having filed a complaint in its own name against the Debtors and then objecting when the Debtors file their answer in like fashion, naming the IRS rather than the United States. The Court finds such an argument to be specious, and concludes that principles of waiver and estoppel preclude the IRS from making it solely for purposes of denying the *Objection*.

In addition, there are other reasons to find that the *Objection* properly identifies the IRS as the Respondent. First, as alluded to above, the Debtors are not seeking affirmative relief against the IRS, they are merely attacking the claim filed against them by the IRS. To the extent they are successful it will only mean that they do not owe anything to the IRS or that the amount they owe is less than is set forth in the Proof of Claim. Thus, the *Objection* is solely defensive in nature and cannot be analogized to the Debtors "suing" the IRS. Second, the Court has located a number of other reported decisions in which the IRS has filed a Proof of Claim and then gone on to defend against an objection to that claim without ever contending that the debtor had somehow erred by not naming the United States as the Respondent in the objection. *See, e.g.*, *In re Higgins,* 2008 WL 471684 (Bankr. E.D. Tenn. 2008); *In re I. & F. Corp.*, 219 B.R. 483 (Bankr. S.D. Ohio 1998). The IRS will likewise be able to defend against the *Objection* here without the need for the "United States" to be named as respondent. Finally, as a simple matter of efficient judicial administration, the Court is loathe to permit, let alone require, a pleading filed by an opposing party in response to

a document previously filed, to unilaterally take the liberty of changing the name of the party that filed the original document.  Such is a recipe for chaos on the Court's docket.[2]

*(b)  The Objection was properly served on the IRS*

The IRS next argues that the *Objection* was not properly served, contending that service was required to be made pursuant to *Fed.R.Bankr.P. 7004*.  The IRS claims *Rule 7004* required the Debtors to serve the *Objection* on the United States Attorney for this District as well as on the U.S. Attorney General in Washington, D.C. by registered or certified mail.  Based on the Certificate of Service filed by the Debtors, it is clear that the only service of the *Objection* that was made in this case was simply on the IRS by first class mail to the local address where notices were directed to be sent as identified by the IRS in its Proof of Claim.  The Court finds, however, that such service was sufficient to meet the requirements of *Fed.R.Bankr.P 3007*, entitled "Objections to Claims", which provides in relevant part that:

> A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant ... at least 30 days prior to the hearing.

*Fed.R.Bankr.P. 3007(a)*. It appears undisputed that the Debtors complied with this requirement by mailing the *Objection* to the IRS.

---

[2] If there is some reason being missed by the Court as to why it is important under these circumstances for more than academic reasons that the Respondent in the *Objection* be the United States, the IRS is always free to file a motion seeking leave to amend the Proof of Claim to name the United States as the creditor filing the claim.  If such motion is granted, there would then be a basis for seeking to have the *Objection* dismissed because of the improper identity of the Respondent in the *Objection*. Nevertheless, fairness would require that the Debtors first be given an opportunity to bring the *Objection* into conformity with the amended Proof of Claim by changing the name of the Respondent.

5

The Court is aware that some cases have found that because an objection to claim is a type of contested matter it therefore must be served the same as a summons and complaint. These cases rely on *Fed.R.Bankr.P. 9014*, entitled "Contested Matters", which provides in relevant part:

> The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.

*Fed.R.Bankr.P. 9014(b). See, e.g., United States v. Hernandez*, 173 B.R. 430 (N.D. Ala. 1994). Although this position has some superficial appeal, for a number of reasons the Court concludes that the better view is that *Fed.R.Bankr.P.3007(a)* provides the method for proper "service" of the *Objection*. First, since *Rule 3007* is the specific rule concerning objections to claims it controls service of such objections rather than the more general *Rule 9014(b). See*, 9 *Collier on Bankruptcy* ¶3007.01[4]. Second, *Rule 9014(b)* speaks to "motions" and is preceded by *Rule 9014(a)*, which states in pertinent part:

> In a contested matter in a case under the Code <u>not otherwise governed by these rules</u>, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

(emphasis added). The emphasized language indicates that where the *Federal Rules of Bankruptcy Procedure* provide an alternative procedure for a specific type of contested matter, as they do with respect to service of objections to claims under *Rule 3007*, that alternative procedure applies. Put another way, the *Objection* is not a "motion" for purposes of *Rule 9014(b)* and Debtors did not need to comply with the service requirements of that Rule. *See, e.g.*, *In re Hawthorne,* 326 B.R. 1 (Bankr. D.D.C. 2005) (reviewing all of the *Federal Rules of Bankruptcy Procedure* and finding seven

instances of contested matters commenced by objections rather than motions, in two of which, objections to claims and objections to exemptions (*Rule 4003(b)*), the applicable Rule specifies the manner of service while noting that in the District of Columbia, when the claimant is the United States or an agency thereof, service of an objection to claim must nevertheless comply with *Rule 7004* but only because D.C's *L.B.R. 3007-1* requires such service (there is no comparable Local Bankruptcy Rule in the Western District of Pennsylvania)); *In re Hensley,* 356 B.R. 68 (Bankr. D. Kan. 2006); *In re Anderson,* 330 B.R. 180 (Bankr. S.D. Tex. 2005). In the present case the Debtor mailed a copy of the *Objection* and Notice of Hearing to the address indicated on the Proof of Claim and that is all, that is required by the *Federal Rules of Bankruptcy Procedure*.

*(c)  The Court has jurisdiction to hear the Objection*

Finally, the argument is made that because the United States was not properly served, the Court lacks the necessary personal jurisdiction to hear the *Objection*. This argument is moot in light of the determinations that the IRS is a proper party respondent in the *Objection* and proper service has been made. Moreover, the Court would note the longstanding general principle that a creditor who files a bankruptcy proof of claim thereby subjects itself to the jurisdiction of the court in which it was filed. *Wiswall v. Campbell,* 93 U.S. 347, 351 (1876). This principle also applies when the creditor is the IRS. *See, e.g., In re Stokes*, 320 B.R. 821, 825 (Bankr. D. Md. 2004). The IRS, having filed a Proof of Claim, may not now question this Court's jurisdiction to hear and decide the *Objection* thereto.

## CONCLUSION

The Court, having been down a similar path on a number of prior occasions on matters involving the IRS, has approached this decision on a very practical level. If the *Motion* is not denied now and the matter proceeds to the July 2, 2008 hearing with the *Motion* still pending, one of two thing is likely to happen. In one scenario, the IRS will hold strongly to the position espoused in the *Motion,* and to avoid any issues of service, the Court will direct the Debtors to go through the essentially meaningless exercise of serving the local United States Attorney and the U.S. Attorney General with the *Objection* they already have in their possession, resulting in the need to reschedule the hearing on the merits of the *Objection*.

In the other scenario, the IRS will be more accommodating at the upcoming hearing in this case, advising the Court that it only raised the service issue because it is an important legal principle and internal policy that must be protected, although under the circumstances of this particular case, the IRS will be willing to acknowledge receipt of service but will require additional time to respond to the substance of the *Objection*. In either scenario the end result will be delay for no good purpose. Accordingly, in light of the applicable law and practicalities of the situation the Court deems it to be in the best interest of judicial economy to resolve this *Motion* now so as to avoid unnecessary delay.

Accordingly, the following Order is issued:

**ORDER**

*AND NOW*, this *18th* day of *June, 2008*, for the reasons stated in the foregoing *Memorandum Opinion,* it is hereby **ORDERED, ADJUDGED and DECREED** that the *Motion to Dismiss* filed by the Internal Revenue Service ("IRS"), Document No. 132, is *DENIED*.

It is **FURTHER ORDERED** that *on or before June 27, 2008,* the IRS shall file its *Response* addressing the substance of the Debtors' *Objection to Claim of Internal Revenue Service*, Document No. 132 ("Objection to Claim"). The hearing on the *Objection to Claim* remains scheduled for July 2, 2008 at 11:00 a.m. before the undersigned in Court Room D, 54th Floor, U.S. Steel Tower, 600 Grant St., Pittsburgh, Pa. 15219.

_____
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to serve;
    Debtors
    Debtors counsel
    Mary Beth Buchanan, U.S. Attorney
    Nicole M. Elliott
    Ch. 13 Trustee